eUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTPOINTE DWC, LLC d/b/a
DETROIT WING COMPANY,

      Plaintiff,                              No. 19-13768

v.                                             Hon. Nancy G. Edmunds

WING SNOB INC., and
WING SNOB FRANCHISING, LLC,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTIONS [64] AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MORE THAN ONE SUMMARY JUDGMENT MOTION [65] BUT ALLOWING DEFENDANTS TO FILE A SINGLE SUMMARY JUDGMENT MOTION WITHIN ONE WEEK**

Plaintiff Eastpointe DWC, LLC d/b/a Detroit Wing Company filed suit against Defendants Wing Snob Inc. and Wing Snob Franchising, LLC, bringing claims of trademark infringement (Count I), unfair competition (Count II), and false advertising (Count III) under federal law as well as claims of trademark infringement and unfair competition under Michigan common law (Count IV), unfair and deceptive trade practices under the Michigan Consumer Protection Act (Count V), and copyright infringement (Count VI).  (ECF No. 3.)  On February 1, 2021, the last day for dispositive motions according to the Court's scheduling order, Defendants filed two separate motions for summary judgment, moving for summary judgment on Counts I, II & IV in the first motion (ECF No. 61) and on Counts III, V & VI in the second motion (ECF No. 62).  The matter is now before the Court on Plaintiff's motion to strike Defendants' two motions for summary judgment.  (ECF No. 64.)  Plaintiff also argues Defendants should

1

not be allowed to refile a dispositive motion because the deadline for dispositive motions has now passed and there are issues of fact that preclude summary judgment in this case.  In response, Defendants move for leave to file more than one motion for summary judgment.  (ECF No. 65.)  Alternatively, Defendants request leave to enlarge the page limitations set forth in the local rules.  Defendants argue their request is warranted due to the breadth and complexity of the legal claims at issue.

As Plaintiff notes, under Eastern District of Michigan Local Rule 7.1(c)(3), "[a] party must obtain leave of court to file more than one motion for summary judgment." The rule explicitly states that "a challenge to several counts of a complaint generally must be in a single motion."  *Id.*  Here, Defendants filed two motions for summary judgment without seeking or obtaining leave of Court.  While Defendants have now filed a belated motion seeking leave to file more than one summary judgment motion, this is simply a request to circumvent the page limits set forth in the local rules.  Under Local Rule 7.1(d)(3)(A), the text of a brief supporting a motion may not exceed 25 pages, but here the briefs supporting the two motions total 51 pages.  Accordingly, the Court grants Plaintiff's motion to strike the two improperly filed motions for summary judgment and denies Defendants' leave to file more than one motion for summary judgment.  The Court will, however, give Defendants the opportunity to file a single motion for summary judgment within one week so the Court may consider Defendants' arguments on the merits.

For the above-stated reasons,

IT IS HEREBY ORDERED that Plaintiff's motion to strike Defendants' motions for summary judgment is GRANTED and the motions filed at ECF Nos. 61 and 62 are STRICKEN from the Court's docket.

IT IS FURTHER ORDERED that Defendants' motion for leave to file more than one motion for summary judgment is DENIED.

FINALLY, IT IS ORDERED that Defendants shall file a single motion for summary judgment with one accompanying brief, not to exceed 35 pages, by February 11, 2021.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 4, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

3