# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

EASTPOINTE DWC, L.L.C., d/b/a
DETROIT WING COMPANY, a
Michigan limited liability company,

    Plaintiff,

    v.

WING SNOB INC. a Michigan
corporation and WING SNOB
FRANCHISING, LLC, a Michigan
limited liability company,

    Defendants

Case No. 2:19-cv-13768

Hon. Nancy G. Edmunds

## ANDREW M. GROVE AND KORY M. STEEN'S MOTION
## TO WITHDRAW AS CO-COUNSEL FOR PLAINTIFF, AND BRIEF IN SUPPORT

NOW COMES, Plaintiff's co-counsel, Andrew M. Grove and Kory M. Steen, and hereby respectfully move this Honorable Court to authorize their withdrawal as counsel for Plaintiff DWC Eastpointe DWC, L.L.C, d/b/a Detroit Wing Company ("Plaintiff") in this matter, and in further support thereof, states as follows:

The Local Rules provide that, after filing an appearance, an attorney may withdraw only on order of the Court. *See* E.D. Mich. LR 83.25(b)(2).

1

As for Attorney Kory Steen, he is no longer employed by Howard & Howard, having recently left the firm for another law firm.[1] As for Attorney Andrew M. Grove and the rest of the firm, there has been an irreconcilable breakdown of the attorney-client relationship with Plaintiff, such that the Undersigned and the firm cannot continue to zealously represent Plaintiff in this matter.

The breakdown of the attorney-client relationship has progressed to such a degree that further representation has become unreasonably difficult. MRPC 1.16(b)(5). Moreover, pursuant to MRPC 1.16(b)(4) and MRPC 1.16(b)(6), a lawyer may withdraw from representation if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if the client fails to fulfill an obligation to the lawyer, or if other good cause exists. The breakdown of the attorney-client relationship has undermined counsel's ability to represent the Plaintiff and further representation is impossible, necessitating withdrawal.

Plaintiff has been repeatedly notified about the issues giving rise to the breakdown in the attorney-client relationship over the past year. Moreover, Plaintiff has been given repeated, reasonable warnings that the Undersigned and the firm would withdraw unless the issues were resolved. Counsel and the firm have tried to resolve the breakdown of the relationship without success. Despite repeated written warnings

---

[1] Mr. Steen was contacted by telephone and gave his concurrence in the filing of this motion. Mr. Steen will file a separate concurrence to this motion from his new firm.

2

advising Plaintiff that this Motion would be filed, Plaintiff has failed to resolve those issues.

Plaintiff is also currently represented by co-counsel, Edward Weberman, who will still continue to represent Plaintiff in this action. Discovery, depositions, and dispositive motion practice have all been concluded in this matter, with the Court denying Defendants motions. Finally, no trial date has been set by the Court in this matter as of the date of this motion.

Based on the foregoing, Plaintiff is not prejudiced by the withdrawal of Andrew M. Grove and Kory M. Steen as co-counsel in this matter, because there is (a) ample time for the Plaintiff to secure new co-counsel, if it so chooses and (b) because Plaintiff is still represented in this matter by co-counsel, Edward Weberman.

Mr. Weberman has been presented with a copy of this Motion, as co-counsel for Plaintiff. Pursuant to LR 7.1, the Undersigned asked for Plaintiff's concurrence in this motion, however, concurrence was denied.

WHEREFORE, Andrew M. Grove, Kory M. Steen, and the firm respectfully request that this Court grant their Motion to Withdraw as Co-Counsel and grant any other relief that the Court deems just and equitable under the circumstances. Co-Counsel Edward D. Weberman will remain as counsel for Plaintiff.

Respectfully submitted,
HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ *Andrew M. Grove*
Andrew M. Grove (P48868)
450 West Fourth Street

|  |  |
|---|---|
| Dated: March 23, 2022 | Royal Oak, Michigan 48067-2557<br>Phone: (248) 723-0343<br>Email: jg@h2law.com |

## CERTIFICATE OF SERVICE

I certify that on March 23, 2022, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By: /s/ Andrew M. Grove